PROB 12
REVISED (05/90)

# UNITED STATES DISTRICT COURT
## for
## WESTERN DISTRICT OF TENNESSEE

### WESTERN DIVISION

FILED BY _____ D.C.

05 SEP -7 AM II: 01

U.S.A. vs. _____ **Amanda Andrews** _____          Docket No. _____ **2:03CR20005-003**

THOMAS H. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

### Petition on Probation and Supervised Release

*03-20005-003*

**COMES NOW** __ Gerald Hunt __ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of __ Amanda Andrews __ who was placed on supervision by the Honorable J. Daniel Breen sitting in the court at _Memphis, TN_ on the 17th day of November , 2003 who fixed the period of supervision at two (2) years* , and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a drug treatment/testing program as directed by the Probation Office.

2. Home Detention for a period of three months. (Completed)

*Supervised Release began on April 23, 2004.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** a Warrant be issued for Amanda Andrews to appear before the United States District Court to answer charges of violation of Supervised Release.

BOND No bond

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 9-7-05

**ORDER OF COURT**

Considered and ordered 7th day
of Sept , 2005 and ordered
filed and made a part of the records in
the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed
on _ September 2, 2005 _

_____
U. S. Probation Officer

Place: _ Memphis, TN _

(250)

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

The defendant has violated the following conditions of her Supervised Release:

**The defendant shall not illegally possess a controlled substance.**

Ms. Andrews submitted urine screens which tested positive for methamphetamine on May 18, 2005 and Cocaine on May 27, 2005 and June 8, 2005.

**The defendant shall participate in drug treatment/testing as directed by Probation Officer.**

On April 19, 2005, Ms. Andrews was referred to Alcohol and Chemical Abuse Rehab Center for drug testing. On May 26, 2005, Ms Andrews was instructed to contact ACAR to begin counseling and to continue testing.

Ms. Andrews failed to contact ACAR to begin counseling.

Ms. Andrews failed to submit drug screens on seven (7) occasions from April 29, 2005 to July 16, 2005.

On July 19, 2005, Alcohol and Chemical Abuse Rehab Center closed their interest in counseling Ms. Andrews due to failure to report for intake assessment and/or counseling.

**The defendant shall report to the probation officer and submit a truthful and complete written report within the first five days of each month.**

Ms. Andrews has failed to file written monthly reports for 05-05, 06-05, 07-05 and 08-05. She failed to keep scheduled appointments with the probation officer on 06-16-05, 07-11-05, 07-18-05 and 07-25-05.

**The defendant shall not leave the judicial district without the permission of the court or probation officer.**

On July 27, 2005, Ms. Andrews spoke with USPO Hunt and stated that she was calling from Clarksville, Indiana. Ms. Andrews failed to receive permission to travel outside the district from the U.S. Probation Office.

# VIOLATION WORKSHEET

1. **Defendant**    Amanda Andrew, 359 Kendrick St., Memphis, TN 38108

2. **Docket Number (Year-Sequence-Defendant No.)**    2:03CR20005-03

3. **District/Office**    Western District of Tennessee (Memphis)

4. **Original Sentence Date**    11 / 17 / 2003
   (If different than above):     month   day   year

5. **Original District/Office**

6. **Original Docket Number (Year-Sequence-Defendant No.)**

7. **List each violation and determine the applicable grade {see §7B1.1}:**

   | Violation(s) | Grade |
   |---|---|
   | • Illegally possessed/used of a controlled substance | C |
   | • Failure to participate in drug treatment/testing | C |
   | • Travel outside the district without permission of U.S. Probation Office | C |
   | • | |
   | • | |
   | • | |
   | • | |

8. Most Serious Grade of Violation (see §7B1.1(b))    C

9. Criminal History Category (see §7B1.4(a))74    II

10. Range of imprisonment (see §7B1.4(a))    | 4 -10    months |
    **\*Being originally convicted of a Class D Felony, the statutory maximum term of imprisonment is two (2) years; 18 U.S.C. §3583(e)(3).**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    {X}    (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }    (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    { }    (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W
Suite   1400, Washington, D.C., 20004, Attention:  Monitoring Unit

12.    Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____          Community Confinement _____N/A_____

Fine ($) _____N/A_____          Home Detention _____N/A_____

Other _____N/A_____          Intermittent Confinement ____N/A____

13.    Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.    Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.    Official Detention Adjustment {see §7B1.3(e)}: _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit`**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 250 in case 2:03-CR-20005 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Stephen P. Hall
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Dewun R. Settle
LAW OFFICE OF DEWUN R. SETTLE
100 N. Main Bldg.
Ste. 3001
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT